IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. LUJAN,

    Plaintiff,

v.                                            Civ. No. 03-1163 JP/RHS

ANN VENEMAN, Secretary,
United States Department of Agriculture,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph R. Lujan sued his employer, the Forest Service, through named Defendant Secretary of the United States Department of Agriculture Ann Veneman. Plaintiff asserted a race discrimination claim (Count I), and a retaliation claim based on Plaintiff filing a complaint regarding the racial issues (Count II). The parties stipulated to dismissal without prejudice of the race discrimination claim in Count I at the pre-trial conference held in chambers on June 23, 2005 because that claim is now subsumed into a separate class action lawsuit. The only claim before the Court at this time is the retaliation claim, Count II. Defendant filed a motion for summary judgment on April 11, 2005 (Doc. 19). After a careful review of the law, the briefs, and the admissible evidence, I conclude that Defendant's motion should be granted and Plaintiff's retaliation claim should be dismissed.

    **I.    FACTS**

The following facts are not in dispute or are viewed in a light most favorable to Plaintiff, the non-movant. Plaintiff began his employment with United States Department of Agriculture

(USDA) Forest Service in 1999 and worked at the Las Vegas/Pecos Ranger District as a wildlife biologist from January 2001 to July 2002.  USDA Ecosystem Staff Officer William Britton, District Ranger Daniel Crittenden and Acting District Ranger Tom Malecek supervised Plaintiff during his time at the Pecos Ranger District.  In May 2001, Britton wrote Plaintiff a letter of concern regarding work performance.  Plaintiff contacted an EEO counselor immediately after receiving the letter of concern.  In August 2001, Forest Fish Biologist Sean Ferrell wrote an email letter to Plaintiff's supervisors to complain about Plaintiff's behavior.  Also in August 2001, Acting Ecosystem Staff Officer Lee Johnson documented Plaintiff's poor attendance at a training.  In September 2001, Crittenden, the second line supervisor, issued a letter of warning to Plaintiff after a conference with Plaintiff and Plaintiff's first line supervisor, Britton.  In October 2001, Britton placed Plaintiff on a restrictive leave schedule.  The restrictive leave policy required Plaintiff to provide "administratively acceptable evidence of ailment or incapacity" for any period which Plaintiff requested sick leave and the policy required Plaintiff to sign in and sign out for lunch breaks.  At one point to satisfy Britton, Plaintiff provided a doctor's note that Plaintiff argues invaded doctor-patient confidentiality.  Also in October 2001, Britton placed Plaintiff on a performance improvement plan.  In April 2002, Plaintiff filed an Equal Employment Opportunity (EEO) complaint.[1]  In October 2003, Plaintiff filed a judicial complaint alleging retaliation for making an EEO complaint.

---

[1] Plaintiff's affidavit ¶9 states, "On September 11, 2001, I filed a formal complaint of discrimination." However, the Complaint of Employment Discrimination attached to the affidavit as Ex. 2 is dated April 23, 2002.

**II.    STANDARD OF REVIEW**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of the non-movant's pleadings. Bacchus, 939 F.2d at 891. To withstand a motion for summary judgment, the non-movant must make specific reference to admissible evidence in the record. Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995). Unsubstantiated allegations, no matter how true they might be, cannot be considered. Id.

**III.    ANALYSIS**

Plaintiff alleges that his supervisors retaliated against him, which is in violation of 42 U.S.C. 2000e-3(a). The law states in relevant part, "It shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under

this title . . ." In order to make a prima facie retaliation case, Plaintiff must show:

(1) he or she engaged in protected opposition to discrimination;
(2) he or she was subject to adverse employment action; and
(3) a causal connection exists between the protected activity and the adverse action.

Kendrick v. Penske Transp. Servs., 220 F.3d 1220, 134 (10th Cir. 2000).

The first part of the test is easily satisfied because Plaintiff's contact with an EEO counselor in May 2001 to start the complaint procedure qualifies as a protected activity.

The second part of the test is more difficult for Plaintiff to meet because none of the actions taken by Plaintiff's supervisors rise to the level of an adverse employment action. Plaintiff argues that 1) the restrictive leave policy, 2) the performance improvement plan, and 3) the letter of warning[2] constitute adverse employment actions. Under United States Supreme Court precedent, an action is an adverse employment action if it "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). Plaintiff has not alleged that the restrictive leave policy, the performance improvement plan, or the letter of warning is akin to hiring, firing, failing to promote, or reassignment. Plaintiff experienced no change in benefits. Even though the Tenth Circuit has a liberal definition of adverse employment action, Sanchez v. Denver Pub. Sch., 164 F.3d 527, 532 (10th Cir. 1998), Plaintiff's allegations of more strictures imposed by his

---

[2]Defendant disputes that the letter of warning is before the Court. According to Defendant, only the April 23, 2002 EEO complaint is before the Court in this case, and that complaint does not encompass the September 2001 letter of warning. For the purposes of this summary judgment motion, I will construe this ambiguity in favor of Plaintiff and consider the letter of warning in determining whether Plaintiff has been subjected to an adverse employment action.

supervisors do not rise to the level of being materially adverse employment actions.  Plaintiff brings two cases to the Court's attention to argue that negative evaluations of work performance or heightened scrutiny can be adverse employment actions.  <u>Roberts v. Roadway Exp.</u>, 149 F.3d 1098, 1104 (10th Cir. 1998); <u>Marx v. Schnuck Markets, Inc.</u>, 76 F.3d 324, 329 (10th Cir. 1996).  However, in those cases, the negative evaluations were part and parcel of an eventual termination, which is not the case here.  In fact, after the EEO complaint and the documentation alleging Plaintiff's poor work performance, Plaintiff was assigned to the ranger district he preferred.

Plaintiff asserts that he can satisfy the adverse employment action part of the retaliation test by showing that his employer created a hostile work environment.  In <u>Gunnell v. Utah Valley State College</u>, 152 F.3d 1253, 1264 (10th Cir. 1998), the appellate court remarked, "Under our circuit precedent we believe that co-worker hostility or retaliatory harassment, *if sufficiently severe,* may constitute 'adverse employment action' for purposes of a retaliation claim" (emphasis added).  The <u>Gunnell</u> opinion explicitly addressed co-worker hostility as retaliation, which is not the issue in this case.  For the sake of argument I will assume, without deciding, that creation of a hostile work environment by supervisors is itself an adverse employment action.  The next consideration is whether Plaintiff has produced sufficient evidence for a jury to find that a hostile environment existed with emphasis on the "sufficiently severe" element.  According to Plaintiff, in order to make the prima facie case of hostile work environment, Plaintiff must show:

(1) a workplace permeated with discriminatory intimidation that is severe or pervasive enough to alter the conditions of employment, <u>O'Shea v. Yellow Tech Servs.</u>, 185 F.3d 1093 1097 (10th Cir. 1999)
(2) that the severity and pervasiveness is judged from an objective and subjective perspective, <u>Harris v. Forklift Systems</u>, 510 U.S. 17, 21-22 (1993).
(3) that the environment is judged by a reasonable person in plaintiff's position,

> considering all the circumstances, <u>Oncale v. Sundowner Offshore Services</u>, 523 U.S. 75 (1998).

In addition to these standards, the United States Supreme Court in <u>Harris v. Forklift Systems</u>, 510 U.S. at 23, wrote,

> whether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Plaintiff's evidence fails to meet these standards.  The evidence shows that supervisors placed Plaintiff on a restrictive leave schedule and on a performance improvement plan, and that the supervisors issued a letter of warning.  Plaintiff does not allege frequent discriminatory intimidation, nor is the conduct at all severe.  These actions are not physically threatening, nor are they objectively or subjectively offensive.  Plaintiff has not been subjected to offensive utterances.  The restrictive leave schedule and performance improvement plan may have been humiliating to Plaintiff, but the record does not suggest that they were hostile actions when judged by a reasonable person in Plaintiff's position, considering all of the circumstances.  As in a Tenth Circuit case with similar allegations, <u>Trujillo v. Univ. of Colo. Health Sciences Center</u>, 157 F.3d 1211, 1214, "Plaintiff's list of grievances includes none of the racial comments or ridicule that are hallmarks of hostile work environment claims."

Plaintiff has not produced sufficient evidence to show that he was subjected to an adverse employment action, even under a theory that a hostile work environment is an adverse employment action.  Hence, Plaintiff has not satisfied the prima facie test for a claim of retaliation.  It is not necessary to analyze the third prong of the retaliation standard regarding causal

connection.  Therefore, Defendant is entitled to judgment as a matter of law on Plaintiff's claim of retaliation and Defendant's motion for summary judgment (Doc. 19) should be GRANTED.

IT IS ORDERED THAT:

1.  Count I of Plaintiff's Complaint, Plaintiff's claim of race discrimination, is DISMISSED  without prejudice, based on the parties' stipulation; and

2.  Defendant's Motion for Summary Judgment (Doc. 19) is GRANTED as to Count II of Plaintiff's Complaint and Summary Judgment will be entered dismissing with prejudice Plaintiff's Count II claim of retaliation.

_____
SENIOR UNITED STATES DISTRICT JUDGE